# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

MALINDA SIMON                                    :
                                                 :        Case No. 5:21-CV-00929
              Plaintiff,                         :
                                                 :        Judge:  John R. Adams
       -vs-                                      :
                                                 :        **PLAINTIFF'S MOTION**
SEVERNS VALLEY BAPTIST CHURCH, INC., *ET AL*.    :        **FOR LEAVE TO FILE**
                                                 :        **AMENDED COMPLAINT,**
              Defendants                         :        *INSTANTER*

The Plaintiff Malinda Simon (hereinafter "Mrs. Simon" or "Plaintiff"), by and through

undersigned counsel, hereby moves the Court for leave to file an Amended Complaint, *Instanter*.

Pursuant to Fed.R.Civ.P. 15(a)(1)(B), the last date the Plaintiff may amend as a matter of

course is within 21 days after service of a motion under Rule 12(b), making July 23, 2021 the

last date the Plaintiff may amend her pleading as a matter of course, as Defendant Severns

Valley Baptist Church, Inc. filed its motion to dismiss on July 2, 2021.

The Amended Complaint maintains the same counts, but adds two parties, and adds

supplemental operative facts.  The Plaintiff avers that this request is made in good faith, and not

for the purpose of delay or undue burden.

The Plaintiff's proposed Amended Complaint, and a proposed Judgment Entry, is

incorporated herein for the convenience of the Court.

                              Respectfully Submitted,

                              /s/ Jeffrey T. Perry
                              Jeffrey T. Perry (0088989)
                              CAMPBELL PERRY, LLC
                              7240 Muirfield Drive, Suite 120
                              Dublin, OH  43017
                              (614) 668-8442
                              *jeff@campbellperrylaw.com*
                              *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served this 23'rd day of July, 2021 addressed to the following:

Paul R. Morway
David P. Stadler
ANKUDA, STADLER, & MOELLER, LTD.
1621 Euclid Avenue – Suite 300
Cleveland, OH 44115
(216) 772-3112
(216) 672-4459  fax
*pmorway@law-asm.com*
*Counsel for Defendant*
Severns Valley Baptist Church, Inc.

Michael J. Connick
MICHAEL J. CONNICK CO., L.P.A.
301 Main Street, Suite H
Zanesville, OH 43701
(216) 924-2010
*mconnick@mjconnick.com*
*Counsel for Defendant*
Paul J. Simon

MICHAEL POOLE
1100 Ring Road
Elizabethtown, KY 42701

DR. RAYMOND HICKS
1100 Ring Road
Elizabethtown, KY 42701


By:     /s/ Jeffrey T. Perry
        Jeffrey T. Perry
        Supreme Court No.:  0088989

        *Counsel for Plaintiff*
        Malinda Simon

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

MALINDA SIMON                                    :
                                                 :        Case No. 5:21-CV-00929
       Plaintiff,                        :
                                                 :        Judge:  John R. Adams
  -vs-                                       :
                                                 :
SEVERNS VALLEY BAPTIST CHURCH, INC., *ET AL*.    :
                                                 :        **<u>ORDER</u>**
      Defendants                        :

     It is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff, Malinda Simon is

permitted to file her Amended Complaint, *Instanter*.  Defendants shall have twenty-one (21)

days from the date of this entry to file their Answer to the Plaintiff's Amended Complaint.

     **SO ORDERED**: _____

_____
**THE HONORABLE JOHN R. ADAMS**
**UNITED STATES DISTRICT COURT JUDGE**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MALINDA SIMON, N/K/A MALINDA SIMON-DAZEY :
438 Sawgrass Drive                            :
Fairlawn, OH 44333                            :
                                              :     Case No. 5:21-CV-00929
            Plaintiff,                        :
                                              :     Judge:  John R. Adams
      -vs-                                    :
                                              :
SEVERNS VALLEY BAPTIST CHURCH, INC.           :     **AMENDED COMPLAINT**
C/O Registered Agent, Anjanette Horn          :     **FOR MONEY DAMAGES**
1100 Ring Road                                :     **AND OTHER RELIEF**
Elizabethtown, KY 42701-5926                  :
                                              :     **JURY DEMAND**
PAUL J. SIMON                                 :     **ENDORSED HEREIN**
504 Park Avenue                               :
Elizabethtown, KY 42701                       :
                                              :
MICHAEL POOLE                                 :
1100 Ring Road                                :
Elizabethtown, KY 42701                       :
                                              :
DR. RAYMOND HICKS                             :
1100 Ring Road                                :
Elizabethtown, KY 42701                       :
                                              :
            Defendants                        :

Now comes Plaintiff **Malinda Simon** (hereinafter "Mrs. Simon" or "Plaintiff"), by and through undersigned counsel, and states the following as her Complaint for defamation per se, and for intentional infliction of emotional distress.

## JURISDICTION AND VENUE

1. This Court enjoys subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

2. This Court enjoys personal jurisdiction over the non-resident Defendants pursuant to Ohio's long-arm statute, codified as Ohio Revised Code 2307.382, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, because Defendants committed acts outside of the State of Ohio intended to cause and causing injury in the State, including but not limited to the intentional publication of defamatory statements of and concerning an Ohio resident, who's professional activities are centered in the district.

3. This Court enjoys venue under 28 U.S.C. § 1391(b)(2) because all or a substantial portion of the events that gave rise to Plaintiff's claims accrued within the State of Ohio, including Defendants' express targeting of the Plaintiff in the State of Ohio, Defendants' publication and republication of the defamatory falsehoods in the district, and the damage to Plaintiff's reputation suffered in the district.

## THE PARTIES

4. Plaintiff, Mrs. Malinda Simon was formerly in an abusive marriage with Defendant Paul J. Simon, and is a resident of the State of Ohio.

5. Defendant, **Severns Valley Baptist Church, Inc.** (hereinafter "Severns Valley" or "Defendant"), founded in 1781, is now a "megachurch" with a membership in excess of 3,500. Severns Valley's principal place of business is in the State of Kentucky.

6. Severns Valley is active in a program called Celebrate Recovery, wherein participants struggling with dysfunction and compulsive behaviors are ultimately encouraged to give testimony before the church, which testimony is live-streamed, and widely disseminated for public consumption.

7. Defendant, **Paul J. Simon** (hereinafter "Mr. Simon" or "Defendant"), is an active leader within the Severns Valley church, and a Celebrate Recovery leader/manager and participant.

8.  Defendant Simon is author of drawn-out tirades in which he published false, defamatory, and outrageous allegations.  Defendant Simon is a former Ohio resident, and currently resides in the State of Kentucky.

9.  Defendant, **Michael Poole** (hereinafter "Mr. Poole" or "Defendant), is the Creative Director at Severns Valley church.

10. Defendant Poole is Defendant Simon's nephew-in-law, and knowingly published Defendant Simon's false statements of and concerning the Plaintiff.

11. Defendant, **Dr. Raymond Hicks** (hereinafter "Dr. Hicks" or "Defendant), is the Associate Pastor, Member Care at Severns Valley church.

12. Defendant Hicks is the head of Celebrate Recovery at Severns Valley church, who exercises editorial control, and knowingly published Defendant Simon's false statements of and concerning the Plaintiff.

13. Severns Valley is responsible for live streaming and reposting Mr. Simon's October 7, 2020 and November 27, 2020 video diatribes.  On information and belief, Severns Valley knows or should know that Defendant Simon has a long history of using the church as a venue to make false and actionable statements of and concerning the Plaintiff.

## STATEMENT OF FACTS

14. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein and further alleges the following matters.

15. At all times hereinafter mentioned and at the time of the incidents complained of, Defendant Severns Valley did hire agents, employees, and representatives, and Defendant exercised jurisdiction and control over the procedures that said agents, employees, and representatives had the privilege to perform, and Defendant determined the qualifications or lack of

qualifications of said agents, employees, and representatives, as the same related to those procedures and duties that were devised by Defendant for the aforementioned agents, employees, and representatives.

16. Each action or inaction alleged herein against Defendant Severns Valley is also an allegation of action or inaction by Defendant Severns Valley's agents, employees, and representatives, or vice versa, as appropriate.

17. Mrs. Simon is divorced from Defendant Simon.  She has long endured an abusive relationship, and high-conflict custody matters with Defendant Simon. *See* **Exhibit L**.  *Also* see **Exhibits M, O, & P**.

18. The Plaintiff is since remarried.

19. Plaintiff is the mother of two boys and two girls, and is an upstanding member of her community, heavily involved with volunteer work, and charitable fundraising.

20. Through and as a result of her academic accomplishments and her professional license, Mrs. Simon has become well known to the public throughout her community.

21. Mrs. Simon also remains active socially, and would like to continue to enjoy a socially active lifestyle.

22. The Plaintiff has valid ongoing business relationships with various reputable Ohio-based clientele.

### *Defendants' False and Defamatory Statements*

23. On or about October 7, 2020, and again, on or about November 27, 2020, Defendants live-streamed, including via Instagram® Live's TV, a drawn-out diatribe wherein Defendant Simon alleged criminal wrongdoing, mental illness, infidelity, and alleged the Plaintiff had an illegitimate child (the "Narrative"). *See* **Exhibits A-C**.

24. In Defendant Simon's November 27, 2020 live-streamed testimony he made false and defamatory allegations of and concerning Malinda Simon, to wit:

> " *. . . she was at the police station with my computer, trying to have me arrested for child pornography . . .* " *See* **Exhibit CC**.

> " *. . . the next day, the police exonerated me of child pornography, but my work wanted no part of that mess . . .* " *Id*.

25. False and defamatory statements attached hereto as **Exhibit CC** include, but are not limited to, the assertion that Mrs. Simon engaged in criminal activity, including an allegedly false police report.

26. In point of fact, the Plaintiff, and the Plaintiff's daughter, discovered Defendant Simon with child pornography on his laptop computer, that was rightfully reported to the Bath Police Department in Akron, Ohio. *See* **Exhibit N**.

27. In point of fact, for years Mrs. Simon attempted to get Defendant Simon into treatment for his addiction to pornography.

28. In point of fact, Defendant Simon was at one time charged with secret peeping and trespass. *See* **Exhibit GG**.

29. Only because law enforcement failed to maintain the chain of custody, the county prosecutor declined to go forward with a criminal complaint. *Id*.

30. The quoted passage attached hereto as **Exhibit CC** is defamatory, intentionally reckless and malicious.

31. On information and belief, Defendants made no effort to substantiate the statements' veracity before reposting Defendant Simon's testimony, and before making it publicly available for download, which testimony Defendants either knew to be false or that it was made with reckless disregard as to truth or falsity.

32. The quoted passage attached hereto as **Exhibit CC** was live-streamed by Severns Valley, including via Instagram® Live's TV, and remained publicly available for an extended period of time, and may still remain available for download, including from, but not limited to, sv.church, celebraterecovery.com, and from YouTube®. *See* **Exhibits V-Y**.

33. The quoted passage attached hereto as **Exhibit CC** is demonstrative of Severns Valley's exercise of content control over the video testimony they host, not subject to immunity pursuant to 47 U.S.C. § 230.

34. Defendant Simon's November 27, 2020 rant continued:

     " *. . . she experiences, much to sadness, Bipolar and depression . . .* " *See* **Exhibit D**.

35. Defendant Simon made further false and defamatory statements that Mrs. Simon allegedly mismanaged the marital finances, which allegations are demonstrably untrue.

36. False and defamatory statements attached hereto as **Exhibit D** include, but are not limited to, the assertion that Mrs. Simon suffers from mental illness.

37. The quoted passage attached hereto as **Exhibit D** is defamatory, intentionally reckless and malicious.

38. On information and belief, Defendants made no effort to substantiate the statements' veracity before reposting Defendant Simon's testimony, and before making it publicly available for download, which testimony Defendants either knew to be false or that it was made with reckless disregard as to truth or falsity.

39. The quoted passage attached hereto as **Exhibit D** was live-streamed by Severns Valley, including via Instagram® Live's TV, and remained publicly available for an extended period of time, and may still remain available for download.

9

40. The quoted passage attached hereto as **Exhibit D** is demonstrative of Severns Valley's exercise of content control over the video testimony they host, not subject to immunity pursuant to 47 U.S.C. § 230.

41. In point of fact, the Plaintiff's Psychologist confirms that she is devoid of any significant psychopathology, that any concerns about her parenting proved to be false, and that she has never been diagnosed as possessing a bipolar disorder or major depression. *See* **Exhibits Q-U, & Exhibit BB**.

42. In point of fact, the Plaintiff's Physician confirms having no documentation that she has been diagnosed with manic depression or bipolar disorder. *See* **Exhibit AA**.

43. In point of fact, Defendant Simon was at one time subject to a restraining order, and was forced to move in with the Plaintiff.

44. Defendant Simon further slandered the Plaintiff:

" . . . *she had a couple of affairs, early in our marriage . . .* " *See* **Exhibit E**.

"*My wife at the time was openly having affairs and bragging about her dates that she was having while I was traveling in China.*" ***See* Exhibit F**.

45. False and defamatory statements attached hereto as **Exhibits E & F** include, but are not limited to, the assertion that Mrs. Simon engaged in infidelity and/or extramarital affairs.

46. The quoted passages attached hereto as **Exhibits E & F** are defamatory, intentionally reckless and malicious.

47. On information and belief, Defendants made no effort to substantiate the statements' veracity before reposting Defendant Simon's testimony, and before making it publicly available for download, which testimony Defendants either knew to be false or that it was made with reckless disregard as to truth or falsity.

48. The quoted passages attached hereto as **Exhibits E & F** were live-streamed by Severns Valley, including via Instagram® Live's TV, and remained publicly available for an extended period of time, and may still remain available for download.

49. The quoted passages attached hereto as **Exhibits E & F** are demonstrative of Severns Valley's exercise of content control over the video testimony they host, not subject to immunity pursuant to 47 U.S.C. § 230.

50. On information and belief, Defendant Simon made further false and actionable statements that Mrs. Simon's oldest son is illegitimate, and that a former childhood boyfriend is his biological father.  The Plaintiff and her former childhood boyfriend at issue both vigorously dispute the allegation. *See* **Exhibit Z**.

51. On information and belief, Defendant Simon made further false and actionable statements that Mrs. Simon's youngest son is illegitimate, and that a prior neighbor and treating physician is his biological father.  The Plaintiff and the neighbor at issue both vehemently deny the allegation. *See* **Exhibit DD**.  In point of fact, on information and belief, it was Defendant Simon who had an affair with the above-referenced neighbor's wife. ***Id***.

52. On information and belief, Defendant Simon made further false and offensive statements alleging that Mrs. Simon is not a Christian and did not grow up in the church.

53. On information and belief, Defendant Simon made further false statements that Mrs. Simon was allegedly responsible for his numerous and varied job losses.  In point of fact, Defendant Simon earlier gave contradictory sworn testimony. *See* **Exhibit FF**.

54. On information and belief, once again, Defendant Simon's employment was only recently, yet again terminated.  Notwithstanding his unemployed status, Defendant Simon is known to routinely boast as though his career were in good standing (which it is not).

55. According to Defendant Simon, he is among the Severns Valley leadership:

"*If you have not let go yet, talk to me, or anyone else that's a leader here.*" *See* **Exhibit H**.

56. According to Adult Pastor Joe Thomas, the attendance at Severns Valley Church is substantial:

" *. . . this past Sunday, we had over 500 people in attendance . . .* " *See* **Exhibits I & J**.

57. Mrs. Simon contacted Severns Valley, and put the church on notice that statements in the video were untrue.

58. Demonstrative of Severns Valley's exercise of content control over the video testimony, not subject to immunity pursuant to 47 U.S.C. § 230, the church initially took down the video at issue, and later publicly reposted the video.

59. Demonstrative that Severns Valley knowingly condones Defendant Simon's unlawful conduct, at the church's Sunday April 4, 2021 Easter Service, Defendant Simon was honored with the privileged position to perform a solo song.

60. Demonstrative that Severns Valley knowingly condones Defendant Simon's unlawful conduct, Mr. Simon continues to manage Monday night Celebrate Recover meetings at Severns Valley.

61. Defendants' statements stigmatize Mrs. Simon as guilty of a serious criminal offense involving moral turpitude, and allege behavior incompatible with the proper conduct of an upstanding community member, and injured her standing in the community in which she lives and works.

62. At the time their intentionally false statements were made, Defendants knew of Mrs. Simon's valid business expectancies in her continued relationships.

63. As a direct and proximate cause of Defendants' statements, Mrs. Simon suffered economic and non-economic damages.

64. On or about December 31, 2020, Mrs. Simon, by and through counsel, sent to Defendants copies of a cease and desist letter.  Among other demands, the Plaintiff insisted on a full written retraction, and an apology.  A copy of the cease and desist letter is attached hereto, marked as **Exhibit K**.

65. Defendants refused the Plaintiff's demands, including for a full written retraction, and for an apology.

66. Mrs. Simon is well known to have been Defendant Simon's former wife, and therefore the statements outlined herein were widely understood to be of and concerning Mrs. Malinda Simon.

67. Defendant Simon is a former Ohio resident, and he is well aware that Malinda Simon currently resides in the State of Ohio.

68. Defendant Simon is currently subject to a judgment lien on behalf of the Plaintiff in Hardin County, Ohio.

69. Defendant Simon's children routinely travel to and from the State of Ohio to visit with the Plaintiff.

70. Mr. Kevin Ray (hereinafter "Ray" or "Mr. Ray") sits on the Financial Board at Severns Valley, and he was at one time a deacon in the church.

71. Mr. Ray is Defendant Simon's brother-in-law.

72. Mr. Ray, in his capacity as a Severns Valley Board Member, is well aware that Malinda Simon currently resides in the State of Ohio.

73. Severns Valley employs Defendant Poole as its Creative Arts Director.

74. Defendant Poole produced and published the October 7, 2020 and November 27, 2020 videos at issue, and posted the videos to the Severns Valley website.

75. Defendant Poole is married to Mr. Ray's daughter, and currently resides in Mr. Ray's home.

76. Defendant Poole is well aware that Malinda Simon currently resides in the State of Ohio.

77. Severns Valley employs Defendant Hicks as its Associate Pastor, Member Care.

78. Defendant Hicks exercises editorial control, and knowingly published Defendant Simon's false statements of and concerning the Plaintiff.  Defendant Hicks is well aware that Malinda Simon currently resides in the State of Ohio.

79. On or about February 17, 2021, Plaintiff's counsel received correspondence from Severns Valley church acknowledging that Defendant Simon's statements of and concerning the Plaintiff were inappropriate:

> "*Severns Valley Baptist Church was not aware that Paul Simon would include comments regarding his former spouse in his November 30, 202 testimony.*" *See* **Exhibit HH**.

> "*The church was not notified that Mr. Simon planned to deviate from his prior testimony on the date in question*" ***Id***.

> "*Pastor Ray Hicks made a statement at the January 18, 2021 Celebrate Recovery meeting in which he stated that Paul's statements about his former spouse were not appropriate.*" ***Id***.

80. Notwithstanding Defendant Hicks' knowledge that Defendant Simon's statements of and concerning the Plaintiff were defamatory, Defendant Hicks knowingly published Defendant Simon's unlawful statements.

81. Defendants' defamatory statements above have been reported, republished, repeated, and/or re-broadcast in Ohio and nationwide, via social media.

82. At the time they were made, Defendants knew their statements to be false or were made with reckless disregard as to truth or falsity, and that allegations against Mrs. Simon never

occurred and were defamatory.  Ms. Simon made numerous appeals to Defendants, and offered to share medical records in order to verify the falsity of Defendants' statements outlined herein.

83. Knowing that the alleged statements, individually and collectively, were false and never occurred, Defendants knowingly, intentionally, and maliciously, with hate, spite, or ill will toward Mrs. Simon, or with such reckless disregard of whether they were false or not, published the false and defamatory statements of and concerning Mrs. Simon as set forth above.

84. Knowing that the alleged statements, individually and collectively, were false and never occurred, for the purpose of gaining notoriety and generating publicity for their own, and thereby furthering their own economic gain, and/or for other reasons presently unknown, Defendants knowingly, intentionally, and maliciously published the false and defamatory statements of and concerning Mrs. Simon as set forth above.

85. By falsely claiming, without privilege, that Mrs. Simon engaged in criminal wrongdoing, and/or suffered from mental illness, and/or committed acts of infidelity, and/or had an illegitimate child, Defendants intended to inflict a vicious, deliberate, and calculated attack on Mrs. Simon's character, reputation, and professional standing, and to turn the community against the Plaintiff, and to cause the community to have contempt, scorn, disgust, and hatred for her, and to hold her in the lowest possible regard.

86. Defendants' statements stigmatize Mrs. Simon as guilty of serious criminal offenses involving moral turpitude, allege behavior incompatible with the proper conduct of her business and trade, and injure her professional standing.

87. At the time their intentional false statements were made, Defendants knew of Mrs. Simon's valid and continuing business relationships with various Ohio-based clientele.

88. At the time their intentional false statements were made, Defendants knew of Mrs. Simon's valid business and continued business relationships, in and out of the State of Ohio, which have been among her principal sources of income.

89. The Plaintiff's claims are related to harm occurring in Ohio, due to Defendants' activity outside the State of Ohio.

90. Defendants knew Mrs. Simon's professional activities are centered in Ohio, knew of Mrs. Simon's expectancies in her home State of Ohio, such that Defendants reasonably should have known their tortious activity made it foreseeable they might be haled into court in Ohio.

91. Defendants committed one or more intentional torts.  Defendants' Internet activity, including on, but not limited to, sv.church, celebraterecovery.com, Instagram®, and YouTube® is interactive.  Defendants' Internet activity was specifically aimed at the forum State of Ohio.

92. Because Mrs. Simon's professional activities are centered in Ohio, the brunt of the harm caused by Defendants' tortious conduct is felt by the Plaintiff in Ohio, such that the State of Ohio can be said to be the focal point of the harm suffered as a result of Defendants' tortious activity.

93. Because Mrs. Simon's professional activities are centered in Ohio, where her ability to work has been severely damaged, Defendants expressly aimed their tortious conduct at the forum, such that the State of Ohio can be said to be the focal point of Defendants' tortious activity.

94. Mrs. Simon alleges special damages suffered in Ohio, and Defendants' defamatory statements were also published in the district.

**COUNT ONE**
**DEFAMATION PER SE**

95. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein and further alleges the following matters.

96. Defendants' demonstrably false statements, without privilege, individually and collectively, impute to the Plaintiff serious criminal offenses involving moral turpitude. The publication and republication of the statements of and concerning Mrs. Simon proximately caused general and special damages to the Plaintiff. Defendants knew, anticipated, foresaw, and intended that the statements, with actual malice, made either with knowledge that they were false, or with reckless disregard of whether they were false or not, would be read by persons throughout Ohio and the United States and would damage the professional reputation of the Plaintiff. The statements have adversely affected the Plaintiff's business and profession, including but not limited to her credibility, business opportunities, and income, and caused psychological and emotional trauma and suffering which is continuing.

**COUNT TWO**
**DEFAMATION PER SE**

97. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein and further alleges the following matters.

98. Defendants' demonstrably false statements, without privilege, individually and collectively, impute to the Plaintiff behavior incompatible with the proper conduct of her business and trade, and injure her professional standing. Defendants' statements referred to herein have caused, are causing, and will cause the Plaintiff to suffer injury to her professional standing, to her reputation, and good name; and, Defendants' statements have held and will continue to hold the Plaintiff up to public scandal and ridicule. Defendants' statements of and concerning

Mrs. Simon were made with actual malice, made either with knowledge that they were false, or with reckless disregard of whether they were false or not, calculated to expose the Plaintiff to public scorn, hatred, and ridicule.  By such published statements, Defendants did injure the Plaintiff's reputation within her business and professional circles in Ohio, and in the community at large.  The publication of the statements proximately caused general and special damages to the Plaintiff.  The statements have adversely impacted the Plaintiff's credibility, and business opportunities, and income.  The statements have damaged the Plaintiff's professional standing in the community.  The statements have proximately caused the Plaintiff emotional and psychological trauma and suffering which is continuing.

**COUNT THREE**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

99. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein and further alleges the following matters.

100.    At all times herein, Defendants acted intentionally and unreasonably in publishing, republishing, and in refusing to retract false statements, maliciously, with hate, spite, or ill will toward Mrs. Simon, or with such reckless disregard of whether they were false or not, when Defendants knew or should have known that the Plaintiff's emotional distress would likely result.  Defendants acted intentionally and unreasonably in creating and publishing the Narrative, when they knew or should have known that emotional distress would likely result.  Notwithstanding the Plaintiff's requests that Defendants cease and desist immediately from their publishing of the Narrative, Defendants failed and refused to do so.

101.    Defendants' conduct was intentional and malicious, and done for the purpose of causing, or was known by Defendants to likely cause the Plaintiff humiliation, mental anguish, and

severe emotional distress, and was done with wanton and reckless disregard for the consequences to the Plaintiff.

102.   In doing the acts alleged hereinabove, Defendants acted outrageously and beyond all reasonable bounds of decency, and intentionally inflicted severe emotional distress upon the Plaintiff, to her detriment.

103.   As a proximate result of the aforementioned wrongful conduct, the Plaintiff has suffered damages, including damages to her personal and professional reputation, and substantial emotional distress, anxiety, and worry.

104.   On information and belief the Plaintiff alleges that Defendants acted with actual malice and reckless disregard for Plaintiff's personal and professional reputation.

105.   Unless and until enjoined and restrained by order of this Court, Defendants' continued acts will cause the Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages.  By reason of the foregoing, the Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the publication and republication of the false and defamatory Narrative.

106.   As a direct and proximate result of the aforementioned acts by Defendants, the Plaintiff has suffered damages, including damages to her personal and professional reputation and career, and substantial injury, damage, loss, harm, anxiety, embarrassment, humiliation, shame, and severe emotional distress in an amount that has not yet been fully ascertained.  As a direct and proximate result of the aforementioned acts by Defendants, the Plaintiff has been damaged and will be damaged in an amount to be proven at trial.

107.    On information and belief the Plaintiff alleges that the aforementioned acts of Defendants

were done intentionally or with a conscious and/or reckless disregard of the Plaintiff's rights,

and with the intent to vex, injure, or annoy, such as to constitute oppression, fraud, or malice.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, Mrs. Malinda Simon, respectfully prays that the Court:

A.  Assume jurisdiction of this case;

B.  For Count I, enter a judgment in favor of the Plaintiff and against Defendants, jointly and

severally, for compensatory damages in the amount of five hundred thousand dollars

($500,000), punitive damages in the amount of five hundred thousand dollars ($500,000),

plus both pre-judgment and post-judgment interest, the costs of this action, and for such

other and further relief as this Court finds just and equitable;

C.  For Count II, enter a judgment in favor of the Plaintiff and against Defendants, jointly

and severally, for compensatory damages in the amount of five hundred thousand dollars

($500,000), punitive damages in the amount of five hundred thousand dollars ($500,000),

plus both pre-judgment and post-judgment interest, the costs of this action, and for such

other and further relief as this Court finds just and equitable;

D.  For Count III, enter a judgment for preliminary and permanent injunction against

Defendants and all persons acting under their control, from any and all activity that

would cause the publication and republication of the false and defamatory Narrative, in

any and all formats, including all electronic and physical media.

Respectfully Submitted,

/s/ Jeffrey T. Perry
Jeffrey T. Perry (0088989)
CAMPBELL PERRY, LLC
7240 Muirfield Drive, Suite 120
Dublin, OH  43017
(614) 668-8442
(614) 675-2210  fax
*jeff@campbellperrylaw.com*

*Counsel for Plaintiff*
Malinda Simon

## **JURY TRIAL**

The Plaintiff, through counsel, hereby requests a trial by jury on all triable issues, pursuant to Fed. R. Civ. P. 38(b).

Respectfully submitted,

/s/ Jeffrey T. Perry
Jeffrey T. Perry
Supreme Court No.:  0088989

*Counsel for Plaintiff*
Malinda Simon

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served this 23'rd day of July, 2021 addressed to the following:

Paul R. Morway
David P. Stadler
ANKUDA, STADLER, & MOELLER, LTD.
1621 Euclid Avenue – Suite 300
Cleveland, OH 44115
(216) 772-3112
(216) 672-4459  fax
*pmorway@law-asm.com*
*Counsel for Defendant*
Severns Valley Baptist Church, Inc.

Michael J. Connick
MICHAEL J. CONNICK CO., L.P.A.
301 Main Street, Suite H
Zanesville, OH 43701
(216) 924-2010
*mconnick@mjconnick.com*
*Counsel for Defendant*
Paul J. Simon

MICHAEL POOLE
1100 Ring Road
Elizabethtown, KY 42701

DR. RAYMOND HICKS
1100 Ring Road
Elizabethtown, KY 42701


By:     /s/ Jeffrey T. Perry
        Jeffrey T. Perry
        Supreme Court No.:  0088989

        *Counsel for Plaintiff*
        Malinda Simon